May it please the Court, Vivian Fu appearing on behalf of Alberto Briceño. I'd like to reserve one minute for rebuttal, and I'll try and watch the clock. Mr. Briceño and his co-defendant, Evaristo Landon, took part in Excuse me. If anyone in the audience feels they need to talk, go outside, please, so that we can do the courtesy of the people who are currently arguing to the Court. Thank you. Okay. I missed the first part of your sentence. I'll start over. Okay. Mr. Briceño and his co-defendant, Evaristo Landon, took part in four robberies. The total amount taken was less than $60. Landon committed the robberies so he could buy Christmas presents for his family. Mr. Briceño was the driver, never got out of the car during the robberies. All four robberies were found to be gang-related. And unlike the usual gang case, the only gang-related evidence presented at trial was that both defendants were members of the Hard Times Gang. None of the robberies were committed in Hard Times Gang territory or in any rival gang territory. None of the victims were gang members. No gang signs were flashed. No mention of any gang names during any of the robberies, and there was no evidence that any of the crimes had anything to do with any gang. So this was simply a series of completely self-serving robberies by two people who wanted to get some extra money to buy Christmas presents. So California's Gang Enhancement Statute, 186.22b1, has two separate prongs that must be proved. First, that the crime is committed for the benefit of, at the direction of, or in association with a criminal street gang. And second, with the specific intent to promote further or assist criminal conduct by gang members. And I'll start with the second prong, the specific intent prong. This Court held in Garcia v. Carey that the ---- Kagan, isn't the core problem in this case that we so held in Garcia, but there have been a couple of California court of appeals opinions that have disagreed with that, and what do we now as a three-judge panel ---- First of all, is this central to the case, the Garcia interpretation? Actually, it is. Yes. All right. So the next question is, what do we as a three-judge panel do conceptually with the fact that we have some California court of appeals but not Supreme Court opinions telling us we're wrong? And it's true, Your Honor, that the California court of appeals has disagreed with Garcia v. Carey in two separate cases. People v. Hill and people v. Romero. But in another case, In re Frank also decided after Garcia v. Carey, which decided in the briefs, the California court of appeals held that gang affiliation by itself cannot solely support a finding that a crime is gang-related, and in that case found that there was insufficient evidence to prove the specific intent prong. And the In re Frank court specifically stated, We publish this case to emphasize that crimes may not be found to be gang-related based solely upon a perpetrator's gang history and gang affiliations. And as you know, the California Supreme Court has not yet spoken on the issue, and a decision of the California Supreme Court on an issue of State law is the only one biding on this Court, especially where it's not clear in the lower appellate courts what is required under the specific intent prong. And I also want to point out that even assuming that the California Supreme Court disagrees with Garcia v. Carey, there's still insufficient evidence to prove the second prong in this case. The language of the prong is plural. It's specific intent to promote further and assist criminal conduct by gang members. And it specifically doesn't say one or more gang members. So in a case like this where the prosecution relies solely on membership in the gang and there's no other evidence of specific intent to assist or promote, it would require that Briseño assist at least two other gang members in order to satisfy this requirement. Well, doesn't this revolve around the expert's testimony? The expert says that it is gang-related because it improves the status of these people in the gang, so that there is some additional information other than they're just members of the gang. Right. But he's basing that solely on the fact that his testimony was, okay, they're both members of the gang. They committed this robbery. Therefore, it enhances their status in the gang. In his experience. Based solely on the fact that on their membership and on no other fact, on no other characteristic of this crime. And the California State Court in, I believe it was, the Morales pointed out that several gang members can commit a crime together and be on a frolic and a detour that's completely unrelated to their membership in the gang. And that's exactly what happened in this case. They were out, you know, trying to get some extra money for themselves so they could buy some more presents. So there's really nothing gang-related at all about this case, about the four robberies, other than the fact that both defendants happen to be members of the Hartox Gang. Were they wearing any gang insignia? No, no. They didn't. There were no tattoos that were shown. There was no they didn't make their membership known to any of the victims. It was just give me your money, give me your wallet. It wasn't in their gang territory. No. It wasn't in their gang territory. Any rival gang territory, there was really nothing. But the problem I have is that we have to look at it through the Ed Pill lens, and we do have the last recent state court decision that accepts the testimony of the expert as the evidence of the second prong supporting the gang enhancement. Well, the state court never addresses the second prong. It only talks about the four benefit, the first prong, the four of the benefit of the gang. So the state court never specifically says that there's enough evidence, there's sufficient evidence to support the second prong. So as is the case in Garcia v. Cary, we would submit that it's an unreasonable application of Jackson v. Virginia. And just to touch on the second point, that the expert was improperly allowed to find that the gang allegations were true, I realize this is an uphill battle based on the Ed Pill standards, but really in a case like this where there was no other evidence and the expert directed the jury to find a true, to make a true finding, we would submit that it's a violation of due process and the right to a fair trial. And really there's just no gang-related evidence. And there is a Supreme Court case, U.S. v. Spalding, 293 U.S. 498, a 1935 case, where the Supreme Court held that medical experts in that case should not have opined that Petitioner was totally disabled because it was the ultimate issue for the jury to decide, and that is what happened in this case. So I'll reserve the rest of my time for questions. Thank you, counsel. May it please the Court. Ron Jacob, Deputy Attorney General for Respondent Pele. First, Your Honors, I'd like to get to the easier question before this Court, which is the evidentiary question. And as we argued in our briefing, whether the expert gave an improper opinion is a question of State law. What appellant is asking us to do in regard to that issue is precisely what the Supreme Court said cannot be done in Estell v. McGuire to say the State courts applied the California Evidence Code in the wrong manner. The more difficult question in this case, of course, is the sufficiency of the evidence. And Respondent recognizes that this case does not have as strong of evidence as we typically see in gang enhancement cases. It has none. What does it have? Unless you say that it is a violation of the statute for two gang members to commit a crime together. Are you saying that? Yes, that is one manner of violating. That's correct. If the defendant assists a known gang member in any felonious criminal conduct. So two gang members committed a crime together. That's it. Under Morales and Villalobos, if there's an additional element that the defendant has to know that the person he's assisting is a gang member, the statute is drawn very broadly. That's the first problem. He has to be, for the benefit of the direction of or in association with any criminal street gang. So that the fact that he has to know that the person's a member of the gang, presumably is necessary for in association with any criminal street gang. Just a question on that. If it's just two people who happen to be members of the same gang, is that in association with any criminal street gang? I mean, he's in association with another individual who happens to also belong to the gang. That he's not, is he really committing the felony in association with the gang? Yes, under the first prong. But then the second prong is what Villalobos and Morales go to. That he has to be knowingly assisting a gang member. And what the statute. Promote, further, or assist. Or under the assistance clause, term. Okay. And the statute is broadly written to try to combat this scourge of gang crime and gang activity. It's an awfully complicated way to say that if two gang members commit a crime together, they're guilty of a gang enhancement. Well. That's your argument. And also to assist with Garcia, right? Well, again, there is that additional argument that the defendant must be knowingly assisting. It's still a complicated way to say that. Yes. But Garcia, and also we have the Garcia problem. You have the Garcia problem. Garcia doesn't read it that way. Yes. In Garcia, this Court held that there has to be an additional showing of a specific intent to help the gang beyond the incident offenses, and that's where the State courts today are in disagreement. Right. And we are a three-judge panel of the Ninth Circuit, and unless we – it would seem to me, unless we have a California Supreme Court case to the contrary, aren't we bound by Garcia? Well, I think at this point, our position would be that the Court is bound by the highest authority to date on the issue. The California Supreme Court – I don't think that's our law. I mean, there is law in this, a Ninth Circuit law, on what the responsibility is of a three-judge panel with regard to State law. Well, I do need to correct myself. This Court is not bound by that. However, it is – it should be very persuasive to this Court. Except the fact that we have our – what I'm trying to get at is we have our own story to size this issue, which is we have Garcia. And my question to you is, we as a three-judge court faced with Garcia, which is a post-Garcia California case, aren't we bound by Garcia? Your Honor, we're asking this Court then to overrule Garcia based on that. You can't do that. You have to go on bond to do that. Well, then, we'll have to see how we proceed on that. But, Your Honor, under the – this Court may not even need to go there, because the theory that the court of the State court and actually the district court also relied on was the benefit prong rather than the assist prong. There's no evidence of that. Well, Your Honor, I have to respectfully disagree if I can explain. There's no requirement under State law that respondents aware of and appellant sites none that says there needs to be some demonstrable evidence or indicia of the gang at the time of the crimes. Now, that's what we typically see with wearing gang colors, flashing gang signs, being in gang territory, saying something about the gang. But there's no requirement for that sort of evidence. And what we have here contrary to appellant's argument that, well, all the gang experts said was when you have two gang members doing anything together, the enhancement's satisfied. That oversimplifies and does not fairly represent what Detective Vy testified to. He gave extensive testimony, which is included in appellant's excerpts of record, as to the culture and the workings of gangs. He explained in detail how gang members gain status for themselves and respect by committing certain types of crimes. Well, first of all, that isn't what the statute says. It doesn't say getting status for yourself within the gang. It says for the benefit of the gang. Well, in this case, he, appellant benefited Mr. Landon's status as well. And Detective Vy explained how gang members will back each other up and help each other in the gang, especially what he called a wheel man, and enhance each other's status as well. So appellant did not only enhance his status, but all. But anyway, we're still back to Garcia, because Garcia deals with the, doesn't deal with that prong. It deals with the next prong. And it says that, as I understand it, however you get through prong one, and for prong two, you need to have some other criminal conduct at stake. Well, the argument I was just setting forth, I feel, does even satisfy Garcia. Why is that? Because Detective Vy gave this detailed testimony of how gang members back each other up with specific crimes of violence that enhance each other's status. If appellant did this crime alone, we may have a problem. But he also ---- No. To go back to the evidentiary point, I mean, maybe this is introducible evidence, but I don't think it's evidence for an in Jackson sense for a beyond a reasonable doubt. It's not evidence of anything that this person, these people did. Well, I could understand how this Court may feel that way if it was looking at this in the first instance. But we have the DEPA standard, and we ---- it's our position that we cannot say that the State court was objectively unreasonable. First of all, they used the correct standard. Isn't the whole point of the beyond a reasonable doubt standard that you have to prove what the person did beyond a reasonable doubt, not what somebody else might have done at some other time in some other place? Yes, Your Honor. Well, essentially, this whole expert testimony is something about some bunch of generalizations about what gang members in general may be doing, but it's not any evidence about these people. Well, he's talking about the culture and very specific M.O.s of ---- Well, he was presented with a hypothetical question, was he not, of a situation quite analogous to the facts of this case? Yes, Your Honor. He was presented with a hypothetical question, was he not, of a situation    quite analogous to the facts of this case? Yes, Your Honor. And so that was a more direct relationship to this case to indicate the problem. Yes, Your Honor. This was not a case, as Appellant argues, of frolic and detour. These were not two gang members who just happened to be together, say, walking through the shopping mall and say, hey, let's steal that. This was a well-planned-out series of violent offenses that the experts said ---- Well, what it looks like is they were trying to ---- I mean, it's almost humorous in a weird kind of way. I mean, these people kept robbing people quite brutally, except that they weren't getting any money. Yes. So they might have stopped if they got some money. And they were driving around in a car with their license plate, and everybody was writing it down. I mean, it's very open, raising activity. Your Honor, I don't think the money is really important or that they would have stopped, whether this was a well-planned series of burglaries or whether they would have stopped at one had they gotten any money. Well, the goal here was not to get money. It was to terrorize the community and enhance each other's status within the gang. Well, that's your theory. The question is, what's the proof of that? The detective's opinion, which is based on his knowledge of gang ---- It's based on nothing. That's what's really distressing about it. It's based on nothing. You could get up and say exactly the same thing I could get up and say exactly the same thing. Your Honor, I respectfully disagree, because Detective Vi explained what about the facts in this case leads him to that opinion. The type of crime, it was a robbery. That's the crime of violence that gang members typically commit together that enhances their status. That it was a series of them in a short time, and that it had the same M.O. that he had. He went further than that and said that even if the robberies were for money for Christmas presents, as they indicated, it would still be gang-related. Yes, Your Honor, because like I just mentioned, the purpose of this is not to get money, but to commit crimes of violence that enhance their status within the gang. Well, that's what they're doing. They're running around in a car with their own license plate, which was extremely easy to find. They're really incredibly stupid. Well, gang members like to be visible. It's possible. I see my time is up. May I sum up? Yes, please sum up. Or sit down. One or the other. Okay. Thank you, Your Honor. Rather than the state court, it is our position that appellant is using the wrong standard of review here by viewing the evidence in the light least favorable to the in support of the judgment and by citing Landon's self-serving testimony that there might be another innocent explanation for the activity. Thank you, Your Honor. All right. Thank you very much. Counsel. I just want to point out quickly, the defendants were also charged and convicted of four counts of street terrorism, and that punishes any person who actively participates in a criminal street gang with knowledge that its members engage or have engaged in a pattern of criminal activity. So they were already convicted and punished for their membership in the criminal street gang. So to use that exact same evidence to get them for the gang enhancement, that just doesn't make sense in terms of sufficient evidence. And I just want to emphasize again. What in the AEDPA standard, suppose this conflict we have with Garcia versus how the state court construes its own statute, what in the AEDPA standard, which is you'd have to say that the last state court decision was objectively unreasonable or in violation of federal law, what gets us there under your interpretation of the statute? Doesn't it now, I mean, haven't they elevated it to it can't just be Ninth Circuit law? It couldn't be Ninth Circuit law construing a California statute. Well, the Supreme Court law would be Jackson v. Virginia, that the state court, the California Court of Appeal opinion was an unreasonable application of Jackson v. Virginia because there was no evidence of specific intent. There was not sufficient evidence of specific intent and that these crimes were gang related. The purpose of the gang enhancement statute is to punish crimes where the defendants are acting as an agent of the gang, where they're somehow enhancing the gang, doing something for the gang. And here, there's just no evidence of that. I mean, as Judge Berzon pointed out, there's really nothing. It's extraordinary how little in the record there is. And the expert did testify that two gang members committing crimes together would enhance their own status, and hypothetically, that would benefit the gang, but he didn't touch on the specific intent and he didn't touch on the second prong. So the California Court of Appeal opinion was an unreasonable application of Jackson v. Virginia, unless the Court has any further questions. All right. Thank you very much, counsel.
judges: Wardlaw, Berzon, Miner